# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————————

No. 99-30119
Summary Calendar

———————————

BLAKE TERREBONNE,

Plaintiff-Appellant,

versus

CHEVRON USA, INC.,

Defendant-Appellee.

———————————

Appeal from the United States District Court
for the Eastern District of Louisiana.
(98-CV-1485-L)

———————————

August 24, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The plaintiff, Blake Terrebonne ("Terrebonne"), appeals the decision of the district court granting summary judgment in favor of the defendant, Chevron USA, Inc. ("Chevron"). We affirm.

I

The facts of this case are undisputed. Chevron owns an oil drilling platform located on the Outer Continental Shelf in the Gulf of Mexico, off Louisiana's coast. Terrebonne was an employee of Pride Offshore, Inc. ("Pride"), which operated the drilling platform for Chevron. On April 16, 1995, in the course of his employment, Terrebonne slipped on an "oily substance" and bumped his head on an iron beam. Although he began to suffer immediately from headaches and dizziness, Terrebonne did not seek medical attention until he suffered a seizure sometime around July 1996. Terrebonne initiated this suit against Chevron in April 1999, nearly three years after the slipping

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

incident occurred. Chevron moved for summary judgment, on the grounds that Terrebonne's claim was time barred. The district judge granted the motion, and Terrebonne now appeals.

II

"We review the district court's grant of summary judgment on the basis of limitations de novo." *Rotella v. Pederson*, 144 F.3d 892, 894 (5th Cir. 1998). In reviewing a grant of summary judgment, we must draw all reasonable inferences in favor of the non-moving party. *See McGregor v. Louisiana State Univ. Bd. of Supervisors*, 3 F.3d 850, 855 (5th Cir. 1993). We will affirm a grant of summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). To merit reversing a grant of summary judgment, the non-moving party must show a genuine issue of material fact. *See McGregor*, 3 F.3d at 855.

III

The Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. §§ 1331-1356, governs causes of action arising on "fixed structures . . . on the outer continental shelf." *Rodrigue v. Aetna Casualty & Sur. Co.*, 395 U.S. 352, 355, 89 S. Ct. 1835, 1837, 23 L. Ed.2d 360 (1969). The OCSLA directs courts to apply the substantive law of the state to which the shelf lands are attached, provided that state law is not inconsistent with federal law. *See* 43 U.S.C. §1333(a)(2)(A); *Bonner v. Chevron U.S.A.*, 668 F.2d 817, 818-19 (5th Cir. 1982). The applicable period of limitations under Louisiana law is one year. *See* LA. CIV. CODE ANN. art 3492.

It is undisputed that Terrebonne filed the present cause of action over one year after the accident occurred.[1] However, Terrebonne argues that under the doctrine of *contra non valentem*, the

---

[1] In fact, Terrebonne filed this suit over a year after he suffered his first seizure. However, Terrebonne contends that immediately following his seizure in July 1996, he filed a workers' compensation claim with Pride. He argues that Pride's payment of workers' compensation benefits tolled the limitations period. *See Cormier v. Clemco Services Corp.*, 48 F.3d 179, 183 (5th Cir. 1995). Because we conclude that the prescription period began to run on the date of the accident, and thus expired well before Terrebonne even filed his workers' compensation claim, we need not decide whether his receipt of workers' compensation benefits from Pride would have tolled the statute of limitations.

limitations period did not begin to run until he suffered his first seizure in July 1996. He contends that he was unaware that he had suffered any injuries until the seizure. Chevron responds that Terrebonne suffered severe headaches and dizziness immediately following the 1995 accident. Thus, Chevron contends, Terrebonne was immediately aware that the accident had caused injuries.

Under Louisiana law, the doctrine of *contra non valentem* suspends the prescription period where "the cause of action is not known or reasonably knowable to the plaintiff." *FDIC v. Barton*, 96 F.3d 128, 134 (5th Cir. 1996). The prescription period will begin to run "from the date the plaintiff first suffers actual or appreciable damage, even though he may thereafter come to a more precise realization of the damages or may incur further damages as a result of a completed tortious act." *Hampton v. Kroger Co.*, 658 So.2d 209, 211 (La. App. 1995). The undisputed facts show that Terrebonne suffered injuries immediately following the 1995 accident. According to his own affidavit, he suffered headaches and took non-prescription analgesics. While Terrebonne may have been unaware of the extent of his injuries, he offers no evidence to substantiate his allegations that he was not immediately aware that he had sustained an injury from striking his head. Therefore, we AFFIRM the district court.