# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30202

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2017

Lyle W. Cayce
Clerk

MERCATO ELISIO, L.L.C.,

Plaintiff - Appellant

v.

JOHN J. DEVENEY, III, improperly named John Deveney;
DEVENEY COMMUNICATION CONSULTING, L.L.C.;
CHRIS COSTELLO, individually and as employee of Deveney
Communication Consulting, L.L.C.,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-563

Before HIGGINBOTHAM, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

The court has carefully considered this appeal in light of the briefs, oral argument and pertinent portions of the record. Having done so, we conclude that the claims appellant asserts against these appellees accrued, under either federal or state law, as early as August 2012 or April 2013, triggering the commencement of the one-year Louisiana prescription

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30202

period. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995); *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989); *Ziegler v. Hous. Auth. Of New Orleans*, 118 So.3d 442, 452 (La. App. 4 Cir. 2013). Appellant's suit, filed on February 20, 2015, is well outside this period. Further, there was no basis for equitable tolling of prescription because appellees' actions did not amount to the level of active concealment necessary to implicate the jurisprudential exception, *contra non valentem*. *F.D.I.C. v. Barton*, 96 F.3d 128, 135 (5th Cir. 1996) (to suspend the running of the prescriptive period there must be evidence of "fraud, deceit, misrepresentation or concealment by the defendants that led to the plaintiff's failure to file the claim within the statutory period"). These conclusions were well stated in the district court's opinion, with which we essentially agree. **JUDGMENT AFFIRMED**.