# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 18, 2020

Lyle W. Cayce
Clerk

No. 19-30684

Elizabeth Fry Franklin; Small Fry, L.L.C.; Cynthia Fry
Peironnet; Cynthia F. Peironnet Family, L.L.C.,

*Plaintiffs—Appellants*,

*versus*

Regions Bank,

*Defendant—Appellee*,

---

Eleanor Bauginies De St. Marceaux,

*Plaintiff—Appellant*,

*versus*

Regions Bank,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:16-CV-1152
USDC No. 5:17-CV-1047

No. 19-30684

Before STEWART, CLEMENT, and COSTA, *Circuit Judges*.

EDITH BROWN CLEMENT, *Circuit Judge*:

Plaintiffs contracted with Regions Bank for it to manage, as their agent, their mineral interests in a large tract of land. Regions later signed a lease extension with a third party, intending to extend the lease for only a small part of the property. But Regions was mistaken: the lease was unlimited, applying to the entire tract of land. This unintended, unlimited extension allegedly cost Plaintiffs tens of millions of dollars. They sued Regions, alleging breach of contract. The district court held that their suit was time-barred and dismissed it. We REVERSE and REMAND.

I.

Plaintiffs own part of an 1,800-plus-acre tract of land in Louisiana. All but one Plaintiff signed a contract with Regions Bank for it to "manage and supervise all said oil, gas, royalty and mineral interests, to do therewith what is usual and customary to do with property of the same kind and in the same locality," and "[t]o execute, acknowledge and deliver oil, gas and mineral leases containing such terms and provisions as [Regions] shall deem proper." The other Plaintiff—Ms. Marceaux—alleges that she "had an agreement with Regions such that, in exchange for a fee, Regions would provide advice on management of [her] mineral interest" in the property. In other words, Regions was a landman or mineral-rights manager for Plaintiffs.

In 2004, Regions executed a three-year mineral lease for the property with a third party, who then assigned the lease to Matador Resources Company. That lease had a Pugh Clause, under which the lease automatically extended if the lessee had a well that was producing in paying quantities, and a depth-severance clause, under which the lease would lapse after three years for all land 100 feet below the deepest depth drilled, even if the well was producing in paying quantities. Near the end of the lease term, only about 169

2

acres weren't producing in paying quantities. Because the lease was soon to lapse for these undeveloped acres, Regions signed a lease extension with Matador. But Regions apparently failed to read it. The extension wasn't just for the undeveloped acres; it was unlimited, applying to the entire property. This extension cast a cloud on Plaintiffs' title and has allegedly cost them almost $30 million in lost lease bonuses and royalties.

Plaintiffs sued Matador in state court to attempt to rescind or reform the extension. The Louisiana Supreme Court upheld the extension, but found that the "failure to question the extension, to seek clarification of the acreage covered, or to even discuss the Deep Rights [i.e., the rights to undeveloped depths below producing wells] demonstrate[d] an inexcusable lack of 'elementary prudence' or simple diligence." *Peironnet v. Matador Res. Co.*, 144 So. 3d 791, 816 (La. 2013).

In 2016—nine years after the extension was signed and three years after the Louisiana Supreme Court's decision—Plaintiffs sued Regions in federal court. They allege that Regions's "inexcusable error" in signing the improperly drafted lease extension violated their contract. Regions moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiffs' claims were barred by state statute. *See* LA. STAT. § 6:1124 ("No implied fiduciary obligations"). The magistrate judge recommended denying the motion because that statute didn't apply and because Plaintiffs alleged that Regions breached specific contractual provisions.

Regions objected to the magistrate judge's report and recommendation. Regions argued that Plaintiffs' claims sounded in tort, not contract, and were therefore barred by Louisiana's one-year statute of limitations for tort claims. *See* LA. CIV. CODE art. 3492. The magistrate judge then issued a supplemental report and recommendation. In it, the magistrate judge found that Plaintiffs' claims were tort-based because

Plaintiffs allege that Regions breached a duty of care; therefore, Louisiana's one-year statute of limitations applied. The district court, after de novo review, rejected Plaintiffs' objections, adopted the supplemental report and recommendation, and dismissed Plaintiffs' suit with prejudice. Plaintiffs appeal this dismissal.

## II.

We review motions to dismiss de novo, accepting all well-pleaded facts as true and drawing all reasonable inferences in the nonmoving party's favor. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009). We don't, however, accept as true legal conclusions, conclusory statements, or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). To survive a Rule 12(b)(6) motion, a plaintiff must plead factual allegations that, if true, "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## III.

## A.

In Louisiana, contract claims have a ten-year statute of limitations unless legislation states otherwise, LA. CIV. CODE art. 3499, and tort claims have a one-year limitations period, LA. CIV. CODE art. 3492.[1] The nature of the breached duty determines whether the claim sounds in tort or contract. *Roger v. Dufrene*, 613 So. 2d 947, 948 (La. 1993). Contract damages "flow from the breach of a special obligation contractually assumed by the obligor, whereas [tort damages] flow from the violation of a general duty

---

[1] In Louisiana, contract claims are often called "personal" claims, tort claims are often called "delictual" claims, and the limitations periods are often called "prescriptions" or "prescriptive periods."

owed to all persons." *Smith v. Citadel Ins. Co.*, 285 So. 3d 1062, 1067 (La. 2019) (quoting *Thomas v. State Emps. Grp. Benefits Program*, 934 So. 2d 753, 757 (La. App. 1 Cir. 2006)). As a Louisiana treatise explains,

> [f]ault is contractual when it causes a failure to perform an obligation that is conventional in origin, that is, an obligation created by the will of the parties, while fault is delictual when it causes the dereliction of one of those duties imposed upon a party regardless of his will, such as a duty that is the passive side of an obligation created by the law.

6 Saul Litvinoff & Ronald J. Scalise Jr., Louisiana Civil Law Treatise, Law of Obligations § 5.2 (2d ed. 2018), *cited favorably in Smith*, 285 So. 3d at 1067.

Plaintiffs and Regions had a principal-mandatary relationship, which is equivalent to a common-law principal-agent relationship. *Gerdes v. Estate of Cush*, 953 F.2d 201, 204 (5th Cir. 1992). "A mandate is a contract by which a person, the principal, confers authority on another person, the mandatary, to transact one or more affairs for the principal." La. Civ. Code art. 2989. "The mandatary is bound to fulfill with prudence and diligence the mandate he has accepted. He is responsible to the principal for the loss that the principal sustains as a result of the mandatary's failure to perform." *Id.* art. 3001.

Plaintiffs argue that Regions breached the contracts by negligently failing to perform its contractual obligation. Because Regions breached the contracts by acting negligently, Plaintiffs claim that they can choose to sue in contract or in tort. Regions argues that, as a professional mandatary, it can be liable under a contract only if it (1) breached certain fiduciary duties, (2) failed to take any action whatsoever in fulfilling its contractual obligations, or (3) promised a particular result yet failed to deliver on that promise; otherwise, Plaintiffs' suit sounds in tort. Regions claims that these

contingencies don't apply, so Plaintiffs' suit sounds in tort and, therefore, is time-barred. No one disputes that, if this is a tort suit, it's time-barred. The issue, therefore, is whether Plaintiffs can choose to sue Regions in contract. They can.

For most contracts, a party can be liable for breaching a contract if it negligently performs its contractual duties. "An obligor is liable for the damages caused by his failure to perform a conventional obligation. A failure to perform results from nonperformance, defective performance, or delay in performance." LA. CIV. CODE art. 1994. When such negligent performance causes damages, the injured party "may have two remedies, a suit in contract, or an action in tort, and . . . may elect to recover his damages in either of the two actions." *Fed. Ins. Co. v. Ins. Co. of N. Am.*, 263 So. 2d 871, 872 (La. 1972). The applicable limitations period therefore depends on the nature of the pleadings. *Id.* Indeed, Louisiana courts have long honored a plaintiff's choice to sue in contract when alleging that a defendant negligently performed his contractual duties. *See, e.g.*, *Lafleur v. Brown*, 67 So. 2d 556 (La. 1953); *Am. Heating & Plumbing Co. v. W. End Country Club*, 131 So. 466 (La. 1930); *Wilson v. Two SD, LLC*, 186 So. 3d 103 (La. App. 1 Cir. 2015); *Cameron v. Bruce*, 981 So. 2d 204 (La. App. 2 Cir. 2008); *La. Alligator Wholesale, Inc. v. Prairie Cajun Seafood Wholesale Distribs., Inc.*, 981 So. 2d 929 (La. App. 3 Cir. 2008).

Plaintiffs allege that Regions negligently signed a lease on their behalf without reading it. This, Plaintiffs claim, was a breach of Regions's contractual obligation to, among other things, "do what is usual and customary" with Plaintiffs' mineral interests and to execute forms that

Regions "shall deem proper."[2] As a result, Plaintiffs had a choice: sue Regions for negligently performing its contractual duties in tort or in contract. *See Fed. Ins. Co.*, 263 So. 2d at 872. Plaintiffs chose to sue Regions in contract. Louisiana law permits that choice; therefore, the ten-year limitations period applies to Plaintiffs' suit.

### B.

Regions argues, however, that Louisiana case law prohibits Plaintiffs from making this choice for mandataries like Regions. That argument is unavailing. Regions claims that this is a case of professional negligence or professional malpractice, and professionals, unlike normal obligors, can't be sued in contract for breaching a contractual duty by performing that duty negligently. Regions gets this so-called "professional negligence" exception from *Roger v. Dufrene*. That case addressed limitations periods for suits against certain professionals whose client relationships are inherently mandatary in nature—doctors, lawyers, accountants, and insurance agents:

> The nature of certain professions is such that the fact of employment does not imply a promise of success, but an agreement to employ ordinary skill and care in the exercise of the particular profession. The duty imposed upon [such professions] is that of "reasonable diligence[,]" a breach of which duty results in an action in negligence.

*Roger*, 613 So. 2d at 949 (citation omitted). Regions's argument is essentially: (a) Louisiana courts have applied this exception to some mandataries; (b) Regions is a mandatary; therefore, (c) that exception should apply to Regions. But the latter doesn't logically follow from the former. Furthermore, nothing

---

[2] Although Plaintiff Marceaux had an oral agreement with Regions, Plaintiffs claim this same conduct constituted a breach of Regions's alleged contractual obligation to "provide advice on [the] management of [her] mineral interest."

about this exception prohibits Plaintiffs from suing Regions for violating duties that they allege arose from their contracts rather than duties that arose in tort. Even if Louisiana recognizes such an exception for some professionals who act as mandataries, we have three good reasons to conclude that Louisiana doesn't apply this alleged exception to all mandataries categorically.

First, after the events in *Roger*, the Louisiana legislature shortened the limitations periods for claims against doctors, lawyers, accountants, and insurance agents—i.e., all the professions listed in *Roger*. LA. STAT. §§ 9:5628, 5605, 5604, 5606. The legislature also shortened the limitations periods for claims against engineers, surveyors, professional interior designers, architects, real-estate developers, and home inspectors. *Id.* §§ 9:5607, 5608. Instead of shortening the limitations period for all mandataries, the legislature chose to single-out certain professions for special treatment. This strongly suggests that Louisiana treats only these professionals differently, but doesn't shorten the limitations period for all mandataries categorically.

Second, Louisiana strictly interprets its limitations statutes and doesn't apply limitations periods to new scenarios by analogy. *Duer & Taylor v. Blanchard, Walker, O'Quin & Roberts*, 354 So. 2d 192, 194 (La. 1978) (noting that limitations periods are "*stricti juris* and the statutes on the subject cannot be extended from one action to another, nor to analogous cases beyond the strict letter of the law" (emphasis added)). This means that, even though the mandate relationships between a doctor or a lawyer or an accountant and their clients might seem analogous to the mandate relationship here, Louisiana law forbids us from applying the statutorily imposed limitations periods for those relationships to this relationship by analogy.

Third, limitations statutes are "strictly construed against [limitations] and in favor of the obligation sought to be extinguished by it." *Wimberly v. Gatch*, 635 So. 2d 206, 211 (La. 1994). So, even if this were a close call, Louisiana's preference for preserving obligations strongly militates against extinguishing Regions's obligation by applying this supposed professional-negligence exception. These three reasons weigh decisively against finding that Louisiana categorically applies this professional-negligence exception to all mandataries.

Regions's final argument is that several of our cases—*Copeland v. Wasserstein, Perella & Co.*, 278 F.3d 472, 478 (5th Cir. 2002), *FDIC v. Barton*, 96 F.3d 128, 133 (5th Cir. 1996), and *Gerdes v. Estate of Cush*—control the outcome of this case. They don't. They involved different claims and professions than the ones here. *Barton* involved an alleged breach of a fiduciary duty by directors of a bank, 69 F.3d at 131; *Copeland* involved an alleged breach of a fiduciary duty by a financial advisor, 278 F.3d at 476; and *Gerdes* involved alleged negligence by an attorney, 953 F.2d at 205–06. None involved an alleged contract breach by a landman or mineral-rights manager. These cases are therefore factually distinguishable. Moreover, because Louisiana doesn't apply statutes of limitations to new scenarios by analogy, these cases—even if analogous—*can't* compel the outcome here. *See Duer & Taylor*, 354 So. 2d at 194.

Regions wasn't acting as a doctor, lawyer, accountant, insurance agent, or any other professional explicitly subject to a shortened limitations period. Even if Louisiana recognizes a professional-negligence exception for some mandataries, that exception doesn't apply to Regions.

IV.

Plaintiffs allege that Regions breached their contracts by acting negligently. Under Louisiana law, they had the choice to sue Regions for this

No. 19-30684

alleged breach in tort or in contract. They chose contract. That means that Louisiana's ten-year limitations period applies to their claim. We therefore REVERSE the district court's judgment dismissing Plaintiffs' suit and REMAND for further proceedings.