# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 17, 2022

Lyle W. Cayce
Clerk

No. 20-30362
Summary Calendar

WILLIAM SHIELL, IV; JANET MARIE BROUSSARD SHIELL,

*Plaintiffs—Appellants*,

*versus*

JOSEPH G. JONES; BRIAN BERNS; KRISTINA SKOLD CLARK;
DAVID F. WAGUESPACK,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-848

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

William Shiell, IV and Janet Marie Broussard Shiell appeal the district
court's grant of a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss
their complaint alleging that Joseph G. Jones, Brian Berns, Kristina Skold

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-30362

Clark, and David F. Waguespack, representatives for, employees of, or counsel for Whitney Bank, violated the Racketeer Influenced and Corrupt Organizations Act through their activities involving a July 2012 collateral note, a July 2012 collateral mortgage, and a September 2012 promissory note (referenced hereinafter as the Alleged Forged Documents) associated with a property located on Chardonnay Drive in Metairie, Louisiana.

Although we review a grant of a motion to dismiss de novo, accepting as true all well-pleaded facts and drawing all reasonable inferences in favor of the nonmoving party, we do not accept as true "legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Franklin v. Regions Bank*, 976 F.3d 443, 447 (5th Cir. 2020) (internal quotation marks, alteration, and citation omitted). The Shiells fail to show that the district court erred in relying upon the copies of the Alleged Forged Documents and the subsequent forbearance agreement and amendments thereto. *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). The district court did not rely on affidavits by Berns and Jones, as challenged by the Shiells.

For the first time before this court, the Shiells allege that the forbearance agreement and the amendments were altered or themselves forgeries. We decline to consider such newly raised factual allegations. *See Morris v. Livingston*, 739 F.3d 740, 752-53 (5th Cir. 2014). The Shiells fail to show error in the district court's enforcement of the release of liability provisions in the November 2013 forbearance agreement and two amendments to bar their claims in the instant matter. *See Franklin*, 976 F.3d at 447.

For the reasons articulated by the district court, the doctrine of res judicata likewise bars the Shiells's claims in the instant matter based on the relevant Louisiana state court order and the federal bankruptcy court order.

No. 20-30362

*See Truong v. Bank of Am., N.A.*, 717 F.3d 377, 388 (5th Cir. 2013); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005); *In re Chunn*, 106 F.3d 1239, 1241 (5th Cir. 1997); *Burguieres v. Pollingue*, 843 So. 2d 1049, 1053 (La. 2003); *see also Lafreniere Park Found. v. Broussard*, 221 F.3d 804, 808 (5th Cir. 2000).

The Shiells's litany of vague complaints regarding the district court's management of discovery and filings, as well as the timing of the court's ruling, fails to show that the district court abused its broad discretion in managing its docket, acted with bias, or prevented them from submitting any material that would affect our analysis of the issues discussed above. *See Env't Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*, 968 F.3d 357, 374 (5th Cir. 2020); *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003).

The judgment of the district court is AFFIRMED. The motions filed by the defendants to strike the Shiells's reply brief or, in the alternative, to file a sur-reply, are DENIED.