# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 1, 2024

Lyle W. Cayce

Clerk

No. 23-20343
Summary Calendar

———————————

Kent Vu Phan,

*Plaintiff—Appellant*,

*versus*

The Aurora Medical Center of Colorado, *for Doctor* Colin
Buchanan; Doctor Allen Dorsett; Go Imaging MRI,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-4036

———————————————————————

Before Jones, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

Kent Vu Phan seeks to proceed in forma pauperis (IFP) on appeal from the dismissal of his complaint for lack of subject matter jurisdiction and the dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(6), for

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

failure to state a claim on which relief can be granted. In addition to dismissing Phan's complaint, the district court imposed a pre-filing injunction.

In his pro se brief, Phan asserts that there was subject matter jurisdiction because he raised claims under federal statutes. He also challenges the determination that he failed to state a claim.

Although Phan's complaint cited several federal statutes, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' 'wholly insubstantial,' [or] 'obviously frivolous.'" *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (internal citations omitted). We do not question Phan's assertions of pain, but his claim that the insurance companies he unsuccessfully sued in connection with his automobile accident, as an act of retaliation, recruited a doctor to intentionally inflict further injury on him during an operation is "wholly insubstantial and frivolous," *Southpark Square Ltd. v. City of Jackson*, 565 F.2d 338, 343 (5th Cir. 1977) (quotation marks omitted), as is Phan's claim that the images of his MRI were altered to make him look like a "bullfrog" as an affront to his dignity. Likewise, his claim that his Oxycodone prescription was not refilled because he has been placed on some sort of medical care "blacklist" as an act of retaliation is "'obviously frivolous.'" *Hagans*, 415 U.S. at 537.

For much the same reasons, Phan's complaint fails to state a plausible claim for relief sufficient to survive a motion to dismiss under Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint provides nothing more than conclusory statements and naked assertions, without supporting factual allegations, of a retaliatory injury during surgery, intentionally altered and offensive MRI images, and a prescription denied out of retaliation on account of his placement on a blacklist. We do not accept

such statements and assertions as true. *See Franklin v. Regions Bank*, 976 F.3d 443, 447 (5th Cir. 2020).[1] Because Phan does not challenge the district court's determination that he should not be granted leave to amend his complaint, he therefore waives that issue. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Phan challenges the pre-filing injunction, contending that he is not a vexatious litigant and that the magistrate judge and the district court discriminated against him. As the magistrate judge noted in making the recommendation of a pre-filing injunction, Phan has a long history of filing frivolous and duplicative lawsuits. *See Phan v. Nat'l Jewish Health*, No. 17-cv-02353-GPG, 2018 WL 10425416, at *1-2, 5 (D. Colo. July 31, 2018) (unpublished) (discussing Phan's previous lawsuits). Phan cannot show error in the district court's consideration of his litigation history. *See Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008).

The instant appeal is without arguable merit and is therefore frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, the IFP motion is DENIED, and the appeal is DISMISSED. *Baugh v Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.

Phan is WARNED that additional frivolous or abusive filings in this court or the district court will result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. Further, Phan

---

[1] We do not consider Phan's contention that the defendants discriminated against him; Phan did not raise this allegation in his complaint, and this court will not consider new theories of relief presented for the first time on appeal. *See Leverette v. Louisville Ladder Co.,* 183 F.3d 339, 342 (5th Cir. 1999); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

No. 23-20343

is admonished to review any pending appeals and to withdraw any appeals that are frivolous.